NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001060
11-MAY-2015
07:51 AM

NO. CAAP-12-0001060

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ERIC S. HAMASAKI, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 10-1-0097 (CR. NO. 10-1-0162))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Petitioner-Appellant Eric S. Hamasaki (Hamasaki) appeals from the Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief Without a Hearing, entered on October 26, 2012 in the Circuit Court of the First Circuit (Circuit Court).[1]

On February 10, 2010, Hamasaki entered into a plea agreement and pleaded no contest to three counts of Sexual Assault in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 707-732(1)(b) (2014) and two counts of Sexual Assault in the Fourth Degree, in violation of HRS § 707-733(1)(b) (2014).

On September 3, 2010, Hamasaki filed a Motion to Withdraw Guilty/No Contest Plea (Motion to Withdraw Plea) on the grounds that he was coerced by prior trial counsel to enter into the plea agreement and that his plea was not knowingly and intelligently made.

---

[1]    The Honorable Richard K. Perkins presided.

During a hearing on the Motion to Withdraw Plea, Hamasaki claimed that he did not understand the plea "especially in light of the fact that he didn't get to see discovery."

In denying Hamasaki's Motion to Withdraw Plea, the Circuit Court found that there was "no credible evidence that the defendant's pleas were the product of coercion or any other improper conduct on the part of defense counsel. There's no evidence -- no credible evidence that the defendant was the victim of any ineffective assistance of counsel."

On September 9, 2010, Hamasaki was sentenced to five years imprisonment for each count of Sexual Assault in the Third Degree and one year imprisonment for each count of Sexual Assault in the Fourth Degree, all sentences to run concurrently to each other but consecutive to a ten year indeterminate sentence Hamasaki was already serving in Cr. No. 07-1-0418.

On December 9, 2010, Hamasaki filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Petition). Hamasaki claimed that his prior trial counsel coerced him into pleading to the charges, denied his right to contest the charges at trial, would not allow him to see any discovery, and told him that he would get concurrent sentences.

On October 26, 2012, the Circuit Court issued its Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief Without a Hearing. The Circuit Court denied Hamasaki's Petition based on its ruling that the claims raised by Hamasaki had been previously ruled upon or were waived. See Hawai'i Rules of Penal Procedure Rule 40(a)(3).

On appeal, Hamasaki contends the Circuit Court erred by denying his Petition because he received ineffective assistance of counsel when his counsel "never brought or showed Petitioner any evidence [such as] tapes, police reports, [and] video interviews" and told him that all sentences in all cases would run concurrently, with Hamasaki serving no more than ten years incarceration. Hamasaki also claims that he was denied the right to a fair trial and that his consecutive sentence is illegal under Apprendi v. New Jersey, 530 U.S. 466 (2000).

2

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Hamasaki's points of error as follows:

The Circuit Court properly rejected Hamasaki's claim that his prior trial counsel was ineffective for failing to show him the evidence produced in discovery because this claim had been previously ruled upon or was waived. The issue of whether prior counsel had disclosed discovery evidence to Hamasaki had previously been raised in the Motion to Withdraw Plea.

During a hearing on the Motion to Withdraw Plea, Hamasaki's prior trial counsel stated that although he did not provide Hamasaki with his own copy of the discovery, he brought documents such as police reports with him when he met with Hamasaki to discuss the plea offer. Prior trial counsel stated that he received discovery, which included police reports, color photographs, a videotaped interview, and audiotapes, and he reviewed the discovery and the information the police had with Hamasaki prior to entering into the plea agreement. In denying the Motion to Withdraw Plea, the Circuit Court ruled that there was "no credible evidence that the defendant was the victim of any ineffective assistance of counsel."

The Circuit Court properly rejected Hamasaki's claim that his prior trial counsel promised that his sentences in all cases would only be imposed concurrently because this claim had been previously ruled upon or was waived. This claim was raised by Hamasaki in his Motion to Withdraw Plea. In denying the motion, the Circuit Court considered the transcript of Hamasaki's change of plea hearing. During Hamasaki's change of plea hearing, Hamasaki stated that he would follow the plea agreement after the Circuit Court specifically stated, and his prior trial counsel agreed, that the State was free to request that the maximum five year sentence in this case be imposed consecutive to his sentence in Cr. No. 07-1-418 for a total of fifteen years.

Hamasaki provides no argument as to how his right to a fair trial was violated. Hamasaki expressly waived his right to a trial as part of the no contest plea agreement he entered into

3

on February 10, 2010. Hamasaki also confirmed that he was waiving his right to a trial prior to the Circuit Court accepting he plea.

Apprendi does not apply to consecutive sentencing. Oregon v. Ice, 555 U.S. 160, 170 (2009).

Therefore,

IT IS HEREBY ORDERED that the Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief Without a Hearing, entered on October 26, 2012 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, May 11, 2015.

On the briefs:

Eric S. Hamasaki,
Petitioner-Appellant, pro se.

Richard K. Minatoya,
Special Deputy Attorney
General,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge